UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | DOCKET NO. 3:06-CR-373 |
| v. | ) | |
| | ) | |
| IAN TIMOTHY BARKER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER HOLDING DEFENDANT IN CIVIL CONTEMPT

**THIS MATTER** is before the Court on the Government's motion for contempt (Doc. No. 58) and the Court's June 4, 2010 Order to show cause why the Court should not hold Defendant in contempt for failing to attend the continuation of his deposition. (Doc. No. 61). A response to the Government's motion was due from Defendant by April 19, 2010. None was received. Accordingly, on June 4, 2010, the Court ordered Defendant to respond to the motion for contempt not later than Friday, June 18, 2010. The Clerk was directed to mail a copy of that Order to Defendant and serve an electronic copy of that Order to Frank Hartman, Defendant's apparent counsel.[1] From the affidavit of Senior Trial Attorney, Peter B. Loewenberg (hereinafter "Government counsel's affidavit"), the Court has been advised that Defendant was transferred from the Federal Correctional Institute at Fort Dix to the Federal Correctional Institute of Fairton, New Jersey. (Doc. No. 62). The Government counsel's affidavit also indicates that he mailed a copy of this Court's June 4, 2010 Order to Defendant at FCI Fairton by First Class Mail with the outside of the envelope indicating "Legal Mail - Open in Presence of Inmate Only." The Government counsel attests that he has been advised by William Lawlor, a counselor at Fairton FCI, that a mail log

---

[1]Defendant's apparent counsel is neither ECF-registered nor has Defendant's counsel filed a notice of appearance with this Court. Defendant's counsel is reminded that he must meet the admission requirements of this Court, needs to obtain an ECF account, and must electronically file his notice of appearance with the Court.

maintained at Fairton FCI indicates that Defendant Barker did in fact receive a copy of the Court's June 4th Order on June 11, 2010. The Government counsel further attests that he also served the Court's June 4th Order on Defendant's counsel Frank Hartman via e-mail on June 9, 2010.

To date, the Court has received no response from Defendant nor has counsel for Defendant filed a notice of appearance.

In its Order of June 4, 2010, the Court advised Defendant that failure to respond could result in Defendant being held in civil contempt and that Defendant could lose credit for time served in prison for the time he is in contempt of court until he purged himself of that contempt. (Doc. No. 61).

For the reasons set forth, the Government's motion for contempt is GRANTED. (Doc. No. 58).

## I. BACKGROUND

On May 27, 2009, this Court issued an Order, pursuant to Fed. R. Civ. Proc. 30(a)(2)(B), granting a motion by the United States for leave to take the deposition of Defendant in accordance with the Rules of Civil Procedure. (Doc. No. 45) Pursuant to this Order, on June 4, 2009, the United States filed and served on Defendant and his counsel a notice that it would take Defendant's oral deposition on July 22, 2009 at 1:00 PM, at the Fort Dix Federal Correctional Institution, located at 5756 Pointville Road, Fort Dix, New Jersey, 08640. The notice of deposition stated that the deposition would continue from day to day until completed.

That deposition took place as scheduled. Due to Bureau of Prison regulations, Defendant had to return to his cell by 4:00 PM. According to the Government's motion, to which no response has been filed, 83 minutes of the available 180 minutes during which Defendant was available for his deposition were lost due to Defendant's counsel arriving late and having to leave to retrieve a

2

bag left at base security. The deposition was not completed on July 22, 2009.

On or about February 11, 2010, and again on February 16, 2010, the United States notified defense counsel that on March 24, 2010, at 10:00 AM that the suspended deposition of Defendant would continue at the Fort Dix Federal Correctional Institution. This notice was supplemented, at the request of Defendant's counsel, with a new notice of deposition. After issuance of the new notice, Defendant's counsel indicated he would appear by telephone from Florida.

On March 24, 2010, Government Attorney Loewenberg and Donley and Special Agent Christopher Paige arrived at the Fort Dix FCI shortly after 9:00 AM. Upon entering the facility, counsel for the Government was informed by prison staff that Defendant had told them, for the first time that morning, that he would refuse to participate in the deposition. Government Attorney Donley telephonically reached Defendant's counsel and asked him to inform Defendant that the deposition was being conducted pursuant to an Order of this Court. Defense counsel indicated that he would speak to his client. Counsel for Defendant was put in touch telephonically with his client. Ultimately, counsel for Defendant informed counsel for the Government that Defendant would not change his position to not participate in the deposition.

## II. DISCUSSION

A trial court is granted discretion to impose appropriate sanctions, pursuant to Fed. R. Civ. P. 37(b), for failure to respond to discovery ordered by a court. Wilson v. Volkswagen of America, Inc., 561 F.2d 494, 503 (4th Cir. 1977). "'A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner.'" United States v. Dowell, 257 F.3d 694, 699 (7th Cir. 2001) (quoting Jones v. Lincoln Elec. Co., 188 F.3d 709, 737 (7th Cir. 1999)). Pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i), a court may impose sanctions on a party for failing to obey an order to permit

3

discovery. As noted above, the Government obtained an order to permit discovery, as defined in Rule 37(b)(2)(A), by virtue of the fact that this Court issued an Order Granting Leave to Conduct Deposition. Although Defendant initially complied on July 22, 2009, with that Order, Defendant ceased his compliance when he refused to continue the deposition on March 24, 2010. Therefore, the Court has discretion to sanction Defendant as appropriate.

In determining the type of sanction that should be imposed under Fed. R. Civ. P. 37(b), the Court must evaluate the nature of the non-compliance. Wilson, 561 F.2d at 504-05. The district court must take into account the following four factors when determining what type of sanction should be imposed: "(1) whether the non-complying party acted in bad faith, (2) the amount or prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." Anderson v. Found. for Advancement. Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); see also S. States Rack & Fixture, Inc. v. Sherwin Williams Co., 318 F.3d 592, 597 (4th Cir. 2003); Belk v. Charlotte Mecklenburg Bd. Of Educ., 269 F.3d 305, 348 (4th Cir. 2001). As detailed below, all of the aforementioned factors mitigate towards an order finding Defendant in civil contempt in this case.

First, Defendant acted in bad faith. A non-complying party has acted in bad faith where he has failed to comply with a court ordered deposition of which he had actual notice and where his failure to comply was "willful" and not due to his inability to be present. See Wilson, 561 F.2d at 503-04. Defendant had been advised that the deposition would resume and had been provided with notice of the continued deposition date. It appears Defendant contumaciously waited until the day that the Government Attorneys and Special Agent had traveled to Fort Dix FCI before he advised prison officials that he would refuse to appear.

Second, non-compliance caused financial prejudice to the United States. Specifically, the Government attorneys and a law enforcement agent wasted many hours and hundreds of taxpayer dollars traveling to and from Fort Dix. Such wasted time and money could have been better spent engaging in other efforts to collect restitution due and owing victims in this case and the many related Costa Rican telemarketing fraud cases in the Western District of North Carolina. More importantly, non-compliance has caused prejudice since, absent the tools of discovery and deposition of Defendant, law enforcement has limited means to discover assets that Defendant may have hidden, possibly in an effort to avoid his obligation to pay restitution to victims. The Court takes note that Defendant Barker has already acknowledged arranging, while in custody in Mecklenburg County and awaiting disposition of his federal criminal fraud charges, to have more than $60,000 of criminal proceeds wired to his parents in New York from Costa Rica.

Third, there is a compelling need to deter this Defendant and other defendants from simply refusing to participate in Court-ordered discovery to identify and collect assets for purposes of restitution. Crimes such as the fraud offenses committed by Defendant produce numerous victims bereft of their life savings. To permit Defendant and other fraud defendants to avoid discovery conducted for purposes of identifying assets for restitution without adverse consequences would, in essence, leave the Court's restitution orders meaningless because they would become unenforceable. The consequence of being unable to conduct discovery regarding restitution would essentially negate the mandatory restitution contemplated under the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A *et seq.*.

Fourth, sanctions other than civil contempt would clearly be inapplicable and ineffective against a defendant who is already incarcerated and whose criminal case has been concluded. Specifically, the purpose of the deposition was to gather information about the location of the

monies owed by Defendant to his victims as restitution. The only way to gather such information, particularly about assets which Defendant himself has secreted or transferred, or which are located out of the country or in the names of nominees, is to question Defendant. The less drastic sanctions identified in Rule 37(b)(2)(A)(i)-(vi) are simply not applicable to a post-judgment restitution case in which the Government uses civil discovery to identify assets for payment of restitution. Specifically, the criminal action against Defendant is complete and, for purposes of the less drastic sanction under Rule 37(b)(2)(A)(i), there are no designated facts that this Court could take as established for purposes of this restitution action. In addition, for purposes of Rule 37(b)(2)(A)(ii), forbidding Defendant from submitting matters into evidence is a meaningless sanction as there is no pending lawsuit or motion in this case for which this sanction could apply. Similarly, for purposes of Rule 37(b)(2)(A)(iii), (iv), (v) and (vi), striking pleadings, staying proceedings, dismissing the action, and rendering a default judgment will have no effect on Defendant, who is already incarcerated and subject to a restitution order. Thus, contempt is the only effective remedy available to ensure compliance with discovery obligations.

It is well established that contempt can be either civil or criminal. United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826-27 (1994). Civil contempt is designed "'to coerce the contemnor into compliance with court orders or to compensate . . . for loses sustained,' while criminal contempt sanctions are intended 'to vindicate the authority of the court by punishing the contemnor and deterring future litigants' misconduct'" and are punitive in nature. Bradley v. American Household, Inc., 378 F.3d 373, 378 (4th Cir. 2004) (quoting Buffington v. Baltimore County, 913 F.2d 113, 133 (4th Cir. 1990)); see also Hicks v. Feiok, 485 U.S. 624, 631-32 (1998). "The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order 'to pay alimony, or to surrender property ordered to be turned

over to a receiver, or to make a conveyance.'" Bagwell, 512 U.S. at 828 (quoting Gompers v. Bucks Stove & Range Co., 221 U.S. 418, 442 (1911)). A finding of civil contempt is considered remedial, and therefore, civil in nature, because a defendant's contempt is in effect only until he performs the act ordered by the Court. Hicks, 485 U.S. at 634. A contempt order of incarceration remains a civil remedy as long as "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" Bagwell, 512 U.S. at 828 (quoting Gompers, 221 U.S. at 442); see generally United States v. Chacon, 663 F.2d 494, 494 (4th Cir. 1981); In re Grand Jury Proceedings, United States v. Thurmon, 534 F.2d 41, 42 (5th Cir. 1976). The civil contempt proceeding in the instant case is just the sort of paradigmatic coercive, civil contempt sanction contemplated by the Supreme Court. The keys to be released from contempt, and to receive credit for time being presently served, remain in the pocket of Defendant Barker as he need only comply with the Order to take part in his deposition and his contempt will be purged. The suspension of the crediting for time served on his sentence will begin to run again once his contempt is purged.

Considering the fact that more than eighty days have passed since the United States filed its April 8, 2010, motion to hold Defendant in contempt and that no response has been filed, the Court now finds that Defendant Ian Timothy Barker, Inmate No. 20951-058, is in civil contempt for refusing to appear at the continuation of his deposition scheduled for March 24, 2010. The United States Federal Bureau of Prisons is directed to suspend crediting Defendant Barker for time served, beginning from the date of this Order, until such time as Defendant Barker purges himself of civil contempt by appearing at a deposition and answering questions set to him by counsel for the United States.

If Defendant Barker wishes to purge himself of contempt, he must notify this Court and

counsel for the United States in writing of his intention to appear at a deposition and answer questions set to him by counsel for the United States.

The United States will re-schedule his deposition within sixty (60) days of receipt of notice of Defendant Barker's written intention to purge himself of civil contempt. The suspension of Defendant Barker's credit for time served will cease only upon Defendant's compliance.

Due to the nature of the post-conviction proceedings, the Court orders that the continuation of Defendant's deposition take place in the Western District of North Carolina, so that this Court can oversee and promptly rule on all issues and objections which may arise at the continuation of the deposition. If at such time as Defendant sends the requisite notice that he intends to participate in the deposition, the Federal Bureau of Prisons, in conjunction with the U.S. Marshal Service, will transport Defendant Barker to the Western District of North Carolina upon receipt of such a notice.

Because Defendant willfully failed to participate in the deposition and waited until the day of the deposition after its two Government Attorneys and a Special Agent had traveled from Washington, D.C. and Atlanta respectively, the United States is entitled to recover its costs for the deposition which Defendant failed to attend. See Fed. R. of Civ. Proc. 37. This Court gives the United States thirty (30) days from the date of this Order to file a request for costs involved in the deposition.

### III. CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Government's motion for contempt is GRANTED. (Doc. No. 58). **DEFENDANT IAN TIMOTHY BARKER is in civil contempt as of the date of this Order, and the Federal Bureau of Prisons is directed to cease crediting Defendant for the time served for his convictions, until he complies with the Order of this Court and participates in the deposition sought by the United States.**

The Clerk is directed to mail a copy of this Order to Defendant, marking the outer envelope with "Legal Mail/ Open in Presence of Inmate Only," at the following address: Ian Barker, FCI Fairton, Post Office Box 280, 655 Fairton-Millville Road, Fairton, NJ 08320.

The Clerk is further directed to serve a copy of this Order to: the Federal Bureau of Prisons; the U.S. Attorney's Office; the U.S. Probation Office; the U.S. Marshal Service; and Frank Hartman, who appears to represent Defendant but has not filed a notice of appearance, at the following e-mail address: fjhesq@attorneyshartman.com.

IT IS SO ORDERED.

Signed: July 1, 2010

Frank D. Whitney
United States District Judge